IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-00613-PAB-NRN

DOMINIC D. POLETTO,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

## ORDER

---

This matter comes before the Court on Magistrate Judge N. Reid Neureiter's Report and Recommendation on Defendant's Motion to Dismiss [Docket No. 37]. Plaintiff Dominic D. Poletto filed an objection, Docket No. 38, and defendant responded. Docket No. 40.

## I. BACKGROUND[1]

Mr. Poletto is a former United States Postal Service ("USPS") employee. Docket No. 37 at 5. When the USPS removed Mr. Poletto from the workplace,[2] his union, the National Association of Letter Carriers, Branch 47 ("Union") filed a grievance on his

---

[1] The facts of this case are set forth in Magistrate Judge N. Reid Neureiter's recommendation. Docket No. 37 at 5-6. Neither side has objected to the facts. Accordingly, the Court adopts these facts for the purposes of ruling on the objections.

[2] The dates that Mr. Poletto was removed from his workplace and terminated from employment, the dates that the Union filed grievances, and the date of the Union's determination that there was just cause for Mr. Poletto's termination are not stated in the complaint, the decision to dismiss that was referenced in the complaint, or the recommendation.

behalf. *Id.* at 6.  While that grievance was proceeding, the USPS issued a notice of Mr. Poletto's removal from employment, which the Union challenged in a second grievance. *Id.*  A Dispute Resolution Team, made up of a Union representative and a USPS representative, resolved the second grievance in favor of USPS and determined there was just cause for Mr. Poletto's removal.  *Id.*  This rendered the first grievance moot.  *Id.*  Mr. Poletto then filed a charge against the Union with the National Labor Relations Board ("NLRB"), alleging that the Union improperly processed the grievances that it filed on Mr. Poletto's behalf.  *Id*. at 5; *see also* Docket No. 1 at 4.  On February 25, 2021, Paula Sawyer, the Regional Director of Region 27 of the NLRB, issued a "Decision to Dismiss," stating that the Union did not act arbitrarily, discriminatorily, or in bad faith in processing the grievances against USPS, and dismissing Mr. Poletto's charge against the Union.  Docket No. 37 at 6.  Mr. Poletto filed an appeal with the NLRB, again alleging that the Union failed to represent him in processing the grievances, and the appeal was denied.  *Id.*

In July 2022, Mr. Poletto filed a lawsuit, *Poletto v. USA*, No. 22-cv-01824-WJM-KLM (D. Colo.) ("2022 case"), against Ms. Sawyer and Mark E. Arbesfeld, Director of the NLRB's Office of Appeals[3].  Docket No. 37 at 6.  In the 2022 case, Mr. Poletto asserted claims for negligence, concurrent negligence, and gross negligence based on Ms. Sawyer's Decision to Dismiss.  *Id*.; *see also* 2022 case, Docket No. 1 at 4 (D. Colo. July 25, 2022).  On March 8, 2023, Magistrate Judge Kristen L. Mix issued a report and recommendation, finding that the discretionary function exception of the Federal Tort

---

[3] The United States was substituted as the sole defendant in Mr. Poletto's 2022 case.  Docket No. 37 at 6; 2022 case, Docket No. 46 at 2 (D. Colo. Mar. 28, 2023).

Claims Act ("FTCA") applied to the determinations made by Ms. Sawyer and Mr. Arbesfeld concerning Mr. Poletto's charge against the Union and that, as a result, the court lacked subject matter jurisdiction over Mr. Poletto's claims.  Docket No. 37 at 6; *see also* 2022 case, Docket No. 44 at 10-16 (D. Colo., Mar. 8, 2023).  Accordingly, Judge Mix recommended that Mr. Poletto's claims be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).  Docket No. 37 at 6; 2022 case, Docket No. 44 at 16 (D. Colo., Mar. 8, 2023).  Mr. Poletto did not object to Judge Mix's recommendation.  Docket No. 37 at 6.  On March 28, 2023, Judge William J. Martínez accepted the recommendation and dismissed the 2022 case.  *Id.*; *see also* 2022 case, Docket No. 46 at 2 (D. Colo., Mar. 28, 2023).  Mr. Poletto did not appeal Judge Martínez's ruling.

      Mr. Poletto, proceeding pro se, filed this case on March 9, 2023.  Docket No. 1.  The named defendants are Ms. Sawyer and Julia Durkin, a Field Attorney in Region 27 of the NLRB.  Docket No. 1 at 1.  Just like in the 2022 case, Mr. Poletto brings claims for negligence, concurrent negligence, and gross negligence based on Ms. Sawyer's February 25, 2021 Decision to Dismiss.[4]  *Id.* at 4.  On June 5, 2023, Ms. Sawyer and Ms. Durkin filed a motion to dismiss Mr. Poletto's complaint.  Docket No. 18.  The motion to dismiss argues that Mr. Poletto's claims are barred under the doctrine of issue preclusion as a result of Judge Martínez's ruling in Mr. Poletto's 2022 case, in addition to arguing that the case should be dismissed on four other grounds.  *Id.* at 4-15.  On June 6, 2023, the United States was substituted as the sole defendant under the FTCA.  Docket No. 20; *see* 28 U.S.C. § 2679(d)(1).  Mr. Poletto responded to the motion to

---

[4] The complaint does not allege any action by Ms. Durkin.  Docket No. 1; *see also* Docket No. 37 at 5.

3

dismiss on June 7, 2023.  Docket No. 21.  Defendant replied on July 10, 2023.  Docket No. 29.  Judge Neureiter heard oral argument by the parties on July 13, 2023.  Docket No. 33.

On September 20, 2023, Judge Neureiter issued a recommendation that the motion to dismiss be granted on the basis that Mr. Poletto's claims are "plainly barred by the doctrine of issue conclusion."[5]  Docket No. 37 at 7, 10.  Under Tenth Circuit precedent, a party asserting the affirmative defense of issue preclusion must establish four elements:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Blixseth v. Credit Suisse AG,* 129 F. Supp. 3d 1190, 1202 (D. Colo. 2015) (quoting *Sil–Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1520 (10th Cir.1990))*, aff'd sub nom. Blixseth v. Cushman & Wakefield of Colo., Inc.,* 678 F. App'x 671 (10th Cir. 2017).  Judge Neureiter found that: (1) Mr. Poletto's complaint contains the same allegations as the complaint in the 2022 case and defendant raises the same issue in response; (2) Judge Martínez's dismissal of the 2022 case for lack of subject matter jurisdiction has a preclusive effect in this litigation; (3) Mr. Poletto is a party to both cases; and (4) Mr. Poletto had a full and fair opportunity to litigate the issue of whether the discretionary function exception applied to his claims in the 2022 case.  Docket No. 37 at 8-10.

---

[5] Because he found that Mr. Poletto's claims should be dismissed based on issue preclusion, Judge Neureiter did not address the four other grounds for dismissal contained in the motion to dismiss.  Docket No. 37 at 7.

Based on these findings, Judge Neureiter concluded that Judge Martínez's decision dismissing Mr. Poletto's 2022 case acts as a bar to Mr. Poletto's claims in this lawsuit. *Id.* at 10.  Accordingly, Judge Neureiter recommends that the Court dismiss Mr. Poletto's complaint.  *Id.*

Mr. Poletto filed an objection to Judge Neureiter's recommendation on September 26, 2023.  Docket No. 38.  Defendant responded on October 4, 2023.  Docket No. 40.  Mr. Poletto did not file a reply.

## II. LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *Gordanier v. Montezuma Water Co.*, No. 08-cv-01849-PAB-MJW, 2010 WL 935665, at *1 (D. Colo. Mar. 11, 2010) ("Timely objections to magistrate judge recommendations are reviewed de novo pursuant to Rule 72(b), rather than under the clearly erroneous/contrary to law standard applied to magistrate judge orders by Rule 72(a).").  An objection is "proper" if it is both timely and specific.  *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Id*.

There is no dispute that Judge Neureiter's recommendation to dismiss Mr. Poletto's claims is dispositive.  The Court, therefore, reviews the recommendation de novo.  *See Gordanier*, 2010 WL 935665, at *1.  Because Mr. Poletto is proceeding *pro se*, the Court will construe his objections and pleadings liberally without serving as his advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court will

5

evaluate Mr. Poletto's arguments to the extent that they are responsive to the recommendation and sufficiently developed for the Court to understand them.

## III.  ANALYSIS

Mr. Poletto appears to raise five objections to Judge Neureiter's recommendation: (1) Judge Martínez erred in dismissing the 2022 case; (2) Mr. Poletto did not understand that issue preclusion would result from a decision in the 2022 case; (3) Mr. Poletto has not received a full and fair opportunity to litigate his claims; (4) the 2022 case was not decided on the merits; and (5) the issues in this case are not identical to the issues decided in the 2022 case.  Docket No. 38 at 4-7.  The Court will address each of these objections in turn.

### A.  Judge Martínez's Dismissal of the 2022 Case

The objection discusses what Mr. Poletto describes as "[t]he issues(s) with [Judge Martínez's] determination in the previous case," arguing that, contrary to the findings of Judge Mix and Judge Martínez, the district court "ultimately posess[ed] subject matter jurisdiction" in the 2022 case.  *Id.* at 4; *see also id.* at 5 (arguing that "the 'FTCA' discretionary function exemption [did] not apply" in the 2022 case).  However, if a party believes that a district court "has erred in its rulings, the proper course is to appeal those rulings to the Tenth Circuit," not to file a new case in district court.  *See Sloan v. Boeing Co.*, 1994 WL 171147, at * 1 (D. Kan. Apr. 1, 1994); *see also Jones v. Nelson,* 484 F.2d 1165, 1167 (1973) (holding that where a party disagrees with a district court's "final disposition of the issues at hand," the party's "proper recourse is to appeal the order"); 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States").  Mr. Poletto

6

did not appeal Judge Martínez's decision in the 2022 case, and even if he had, this Court lacks the authority to review Judge Martínez's decision. *See* 28 U.S.C. § 1291.

Moreover, Mr. Poletto's response to the motion to dismiss did not raise the argument that Judge Martínez erred in dismissing the 2022 case. Accordingly, Mr. Poletto has waived this argument. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *see also Maurer v. Idaho Dep' t of Corr.*, 799 F. App'x 612, 614 n.1 (10th Cir. 2020) (unpublished). The Court will overrule this objection.

### B.  Mr. Poletto's Failure to Understand the Preclusive Effect of the Dismissal of the 2022 Case

In this objection, Mr. Poletto states that he "must now plead Ignorance," arguing that the terms "issue preclusion," "non-mutual collateral estoppel," and "res judicata" "are not contained anywhere in the contents of any of the prior case documents; and therefore it is not possible for [Mr. Poletto] to have known he was bound to a single, one[ ] opportunity to proceed with litigation in a dispute of this magnitude." Docket No. 38 at 5.  Mr. Poletto "requests the Court, here, to acknowledge that he is proceeding as a pro-se [sic] litigant." *Id.* at 6.  He states that, "[p]rior to the Motion to Dismiss filed by the Defendant in the CURRENT case, [Mr. Poletto] had never been made aware of the term(s): res judicata, collateral estoppel, claim preclusion, issue preclusion, mutual, non-mutual, used in their respective senses." *Id.*

Although the Court construes Mr. Poletto's pleadings liberally in light of his pro se status, *see Hall,* 935 F.2d at 1110, "the preclusive effect of the prior judgment [is not] diminished simply because [Mr. Poletto] litigated pro se." *Jara v. Standard Parking*, 753

7

F. App'x 558, 560 (10th Cir. 2018) (unpublished) (citing *In re Tsamasfyros,* 940 F.2d 605, 607 (10th Cir. 1991)).  The Court will overrule this objection.

### C.  Full and Fair Opportunity to Litigate Claims

Mr. Poletto's objection to Judge Neureiter's finding that Mr. Poletto had a full and fair opportunity to litigate his claim in the 2022 case consists of a single sentence: "Plaintiff has yet to receive a **full** and fair opportunity to litigate the issue(s) regarding negligent action taken by the Defendant(s)."  Docket No. 38 at 7.  This objection fails to identify the factual or legal issue in dispute with specificity and makes no effort at developed argumentation.  Therefore, the Court will overrule it.  *See 2121 E. 30th St.,* 73 F.3d at 1059-61 (a specific objection enables the district court to focus "attention on the factual and legal issues that are truly in dispute") (citing *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988) ("Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review." ); *United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004) ("The court will not consider . . . issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation.") (citation omitted).

### D.  Decision on the Merits

When discussing Judge Martínez's determination that the court lacked subject matter jurisdiction over Mr. Poletto's 2022 case, Mr. Poletto claims that the prior lawsuit was not "decided on it's [sic] MERIT."  Docket No. 38 at 5.  The basis of this objection is not entirely clear, but to the extent that Mr. Poletto argues that a decision dismissing a case for lack of subject matter jurisdiction does not constitute final adjudication on the merits, *see Blixseth*, 129 F. Supp. 3d at 1202, Mr. Poletto is mistaken.  Dismissals for

8

lack of subject matter jurisdiction "preclude relitigation of the issues determined in ruling on the jurisdiction question." *Park Lake Resources Ltd. Liability v. U.S. Dept. of Agr.*, 378 F.3d 1132, 1136 (10th Cir. 2004) (quoting *Matosantos Commercial Corp. v. Applebee's Int'l Inc.*, 245 F.3d 1203, 1209 (10th Cir. 2001)).  The issue determined in the ruling on the 2022 case was whether Mr. Poletto's claims alleging negligence, concurrent negligence, and gross negligence based on Ms. Sawyer's Decision to Dismiss were barred by the discretionary function exception of the FTCA.  2022 case, Docket No. 44 at 10-16 (D. Colo. Mar. 8, 2023).  The decision against Mr. Poletto in the 2022 case therefore precludes relitigation of the identical claims that Mr. Poletto asserts in this case.  *See* Docket No. 1 at 4.  Therefore, the Court will overrule this objection.

### E.  Issues Identical to the 2022 Case

Mr. Poletto objects that "the issue previously decided is **not** identical to that of the current issue.  For unless Michael Jackson is Michael Jordon, then this issue is not identical."  Docket No. 38 at 7.  This objection fails to identify any factual or legal issue in dispute with specificity and makes no effort at developed argumentation.  Therefore, the Court will overrule it.  *See 2121 E. 30th St.,* 73 F.3d at 1059-61; *Wooten*, 377 F.3d at 1145.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Report and Recommendation on Defendant's Motion to Dismiss (Dkt. #18) [Docket No. 37] is **ACCEPTED**.  It is further

**ORDERED** that plaintiff Dominic Poletto's Objection [Docket No. 38] is **OVERRULED**.  It is further

**ORDERED** that defendant's Motion to Dismiss [Docket No. 18] is **GRANTED**.  It is further

**ORDERED** that Mr. Poletto's first, second, and third claims are **DISMISSED with prejudice.**[6]  It is further

**ORDERED** that this case is closed.

DATED March 13, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[6] The Court finds that Mr. Poletto's claims should be dismissed with prejudice because granting Mr. Poletto leave to amend his complaint would be futile.  *See Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1190-91 (10th Cir. 2014) (affirming dismissal with prejudice of claims barred by issue preclusion); *see also Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (affirming dismissal with prejudice of claims barred by statute of limitations and claim preclusion).